UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEBRA A. BOWEN,

      Plaintiff,

v.                                           CASE NO. 8:04-CV-1096-T-MAP

JO ANNE B. BARNHART,
Commissioner of Social Security,

      Defendant.
_____/

**ORDER**

Pursuant to 42 U.S.C. § 405(g) and 1383(c)(3), the Plaintiff seeks review of the Commissioner's decision denying her period of disability and Disability Insurance Benefits ("DIB").[1] Essentially, Plaintiff argues the Administrative Law Judge ("ALJ") erred by 1) failing to accord her treating physicians' opinions proper weight; 2) finding her not fully credible; 3) posing an incomplete hypothetical to the vocational expert; and 4) failing to consider the testimony of her husband. After reviewing the record, I find the ALJ applied the correct legal standards and the decision is supported by substantial evidence. Therefore, I recommend that the complaint be dismissed and the Commissioner's decision affirmed.

*Background*

Plaintiff, a former security guard and inventory control clerk, alleges she became disabled on November 16, 1998, due to severe headaches, depression, and pain in her neck, low back, right shoulder, elbow, hip, leg, and knee. She first filed for a period of disability and disability benefits

---

[1] The parties have consented to proceed before me pursuant to 28 U.S.C. § 636(c) (doc. 13).

on December 13, 1999. The state agency denied benefits initially and on reconsideration, and thereafter an Administrative Law Judge issued an unfavorable decision on March 28, 2002. The Appeals Council denied review and Plaintiff filed an appeal to this court. The case is now ripe for review.[2]

*Standard of Review*

To be entitled to SSI or disability insurance benefits, a claimant must be unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. *See* 42 U.S.C. § 423(d)(3).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520; 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a); 416.920(a). Under this process, the Commissioner must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment(s) (i.e., one that significantly limits his ability to perform work-related functions); (3) whether the severe

---

[2] The ALJ accurately reports Plaintiff's medical history and I adopt that portion of his decision for purposes of this report and recommendation. (R. 22-25).

impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Part 404, Subpart P; (4) whether the claimant can perform his past relevant work; and (5) if the claimant cannot perform the tasks required of his prior work, the ALJ must decide if the claimant can do other work in the national economy in view of his age, education, and work experience. 20 C.F.R. § 404.1520. A claimant is entitled to benefits only if unable to perform other work. *See Bowen v. Yuckert,* 482 U.S. 137 (1987); 20 C.F.R. §§ 404.1520(f), 416.920(f).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389 (1971). The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists. *See* 42 U.S.C. § 405(g); *Keeton v. Department of Health and Human Services*, 21 F.3d 1064 (11th Cir. 1994). The Court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the evidence preponderates against the ALJ's decision. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Further, the Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he/she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066; *Jamison v. Bowen*, 814 F.2d 585 (11th Cir. 1987) (remand for clarification).

*Discussion*

*1. ALJ accorded proper weight to Plaintiff's treating doctors' opinions*

Plaintiff claims the ALJ erred by focusing on her long-time treating orthopedist Dr. Small's opinions instead of looking at all the medical evidence as a whole. As the Commissioner notes, the

3

ALJ's decision to accept the limitations imposed by Dr. Small, who performed her cervical discectomy and provided follow-up care, is supported by substantial evidence. In fact, even Plaintiff's memorandum notes that the applicable social security regulations require the ALJ to give greater weight to a treating doctor's opinions than to consultative non-examining doctors. *Hillsman v. Bowen*, 804 F.2d 1179, 1181 (11th Cir. 1986).

Plaintiff also contends that the ALJ gave improper weight to her treating psychologist and the consulting psychologist and psychiatrist. She indicates at first that the ALJ gave insufficient weight to the consulting psychiatrist Dr. Devabhaktuni, since he assessed Plaintiff's Global Assessment of Functioning ("GAF") as a 35. In the next paragraph she argues the ALJ too much weight to the consulting psychologist, Dr. Hatton who assigned her a GAF score of 70 to 75. After consideration, I find the ALJ properly considered each of the examiners' reports and his decision regarding how much weight to assign to each is supported by substantial evidence.

In general, the ALJ noted that despite Plaintiff's allegation that she has suffered from panic attacks since her automobile accident in 1998, the medical evidence shows no complaints of panic attacks, loss of control, or difficulty breathing prior to August 24, 2001, the month she first appeared for her administrative hearing. She did not seek treatment from a mental health professional until four days after her first hearing was postponed due to new allegations of depression. Although Plaintiff's treating psychologist (Dr. Dies) concluded Plaintiff suffered from unbearable, unceasing pain and "insidious depression," the ALJ noted Dr. Dies did not prescribe any medications to control her depression and suggested only conservative methods of treating her symptoms such as relaxation, distraction, positive image pacing, and time management. Aside from the initial evaluation on August 14, 2001, Plaintiff attended only two psychotherapy sessions with Dr. Dies

4

on August 30, 2001, and September 20, 2001 (R. 341). Although the Social Security regulations generally require the ALJ to give more weight to a claimant's treating physician because this professional is most able to provide a detailed, longitudinal picture of the claimant's medical impairments, here Dr. Dies treated Plaintiff for only a month or so in duration and could not provide such a longitudinal impression. *See* 20 C.F.R. §§ 404.1527(d)(2); 416.927(d)(2).

When Dr. Hatton examined Plaintiff on October 18, 2001, he opined that her prognosis for a return to the workforce was good and assigned her a GAF score of 70 to 75. In reviewing Dr. Hatton's report, the ALJ concluded Plaintiff obviously improved since Dr. Dies' previous evaluation. Dr. Hatton performed a general clinical evaluation and administered mental status test and personality assessment inventory before rendering a detailed report of his opinions and diagnosis, and I find the ALJ did not err in according more weight to his opinions. As the Commissioner noted, Dr. Hatton's diagnosis and assessment were most consistent with the medical evidence showing a lack of mental health complaints and the conservative treatment Dr. Dies prescribed.

As to Dr. Devabhaktuni's opinion that she is not able to function at work (see report dated Oct. 23, 2001), the ALJ reasonably rejected it. Dr. Devabhaktuni based it solely on Plaintiff's subjective complaints and reports during a one-time consultation. Similarly, Dr. Devabhaktuni's GAF score of 35 contradicts the GAF score of 70 to 75 Dr. Hatton assigned to her only eight days before. *See* R. 330-338. Because the ALJ provided sufficient reasons for discounting Dr. Devabhaktuni's opinions, I find his decision supported by substantial evidence.

   2.   *ALJ properly evaluated Plaintiff's credibility*

The Plaintiff contends that the ALJ erred in finding her not totally credible and in improperly

5

applying the Eleventh Circuit's pain standard. She claims her subjective complaints of pain are supported by objective evidence and are consistent with the complaints she raised to her treating doctors.

The Commissioner must consider all the claimant's symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective evidence and other evidence. *See* 20 C.F.R. §§ 404.1529 and 416.929. "Objective evidence" means medical signs shown by medically acceptable clinical diagnostic techniques or laboratory findings. 20 C.F.R. §§ 404.1528 and 404.928. "Other evidence," as that term is used here, includes evidence from medical sources, medical history, and statements about treatment the claimant has received. *See* 20 C.F.R. §§ 404.1512(b)(2)-(6) and 416.912(b)(2)-(6). The Eleventh Circuit pain standard incorporates this scheme by requiring: (1) evidence of an underlying medical condition and either (a) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (b) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain. *Foote v. Chater,* 67 F.3d 1553, 1560-61 (11th Cir. 1995); *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986). Indeed, in certain instances, pain alone can be disabling even if unsupported by objective evidence. *Foote* at 1561.

The ALJ did follow the correct regulatory scheme in considering Plaintiff's subjective complaints. In doing so, the ALJ found Plaintiff's statements concerning her limitations and their impact on her ability to work not fully credible in light of the medical evidence. The ALJ noted that Plaintiff's testimony concerning her ability to perform activities such as bathing and dressing conflicted the abilities she demonstrated at her examination on September 4, 2001, where she was able to get on and off the examination table without assistance and was able to dress and undress

unassisted. Further, although she reported she took medications regularly that made her "dopey," the pharmacy records showed she filled only one prescription from May 2000 to August 2001.

Likewise, though Plaintiff claims to have suffered from panic attacks since her automobile accident in 1998, the medical evidence does not substantiate her testimony. The medical evidence fails to indicate Plaintiff complained of panic attacks until August 2001. Accordingly, I find the ALJ properly considered Plaintiff's subjective complaints and correctly applied the applicable regulations and the Eleventh Circuit's pain standard. I also find the ALJ correctly considered Plaintiff's impairments in combination. *See* R. 29.

### 3. *ALJ's properly posed hypothetical to vocational expert*

Plaintiff asserts the hypothetical posed to the vocational expert failed to include all of her impairments. Because the ALJ found Plaintiff did not suffer from a severe mental impairment, he did not need to include her alleged psychological limitations in the hypothetical question. *See Wolfe v. Chater*, 86 F.3d 1072, 1078 (11th Cir. 1996) (ALJ is not required to include limitations found not credible in hypothetical to VE, and submits to the expert only those supported by objective evidence of record). Accord *McSwain v. Bowen*, 814 F.2d 617, 620 n.1 (11th Cir. 1987).

### 4. *ALJ did not err in considering husband's testimony*

Plaintiff argues the ALJ's failure to specifically discredit her husband's testimony is error. The ALJ need not explicitly discredit such testimony, but the implication must be so clear as to amount to a specific credibility finding. *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995); *Tieniber v. Heckler*, 720 F.2d 1251, 1255 (11th Cir. 1983). The Plaintiff's husband reiterated Plaintiff's testimony that she suffered from depression, panic attacks, and headaches, had to rest

during the day, and that he assisted her in bathing and dressing activities. Although the ALJ did not dissect the Plaintiff's husband's testimony, he adequately addressed the same assertions in the Plaintiff's testimony and concluded it was not wholly credible because it was inconsistent with the weight of the medical evidence.

*Conclusion*

For the reasons stated, it is hereby

ORDERED:

1. The Plaintiff's complaint is dismissed and the Commissioner's decision is affirmed.

2. The Clerk is directed to enter judgment for the Commissioner.

IT IS SO ORDERED in chambers at Tampa, Florida on this 16th day of August, 2005.

*/s/ Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE